IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LLOYD HAROLD GOODE, | ) | NO. 3:07-0415 |
| | ) | JUDGE HAYNES |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Movant, Lloyd Harold Goode, filed his motion under 28 U.S.C. § 2255, seeking to vacate his sentence and requesting a new sentencing hearing and a 21 month sentence. Movant asserts four claims: (1) the Court violated Movant's Sixth Amendment right to confront witnesses against him when the Court allegedly declined to produce a witness against him at his suppression hearing; (2) the Court violated the ex post facto clause of the United States Constitution by characterizing Movant's prior conviction as a crime of violence that increased Movant's base offense level and his guideline range; (3) the Court abused it discretion in rejecting the sentencing guidelines offense level in the presentence report and imposing a higher sentence; and (4) Movant received ineffective assistance of counsel. The United States filed its answer to the motion. (Docket Entry No. 16).

Before the Court is the Movant's motion for judgment on the record. (Docket Entry No. 27). Based upon Movant's motion for judgment on the record, the Court concludes that an evidentiary hearing is unnecessary. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).

**A. Review of the Record**

On September 23, 2004, Wayne Kilday, Special Agent for the Bureau of Alcohol,

Tobacco, Firearms, and Explosives ("ATF"), obtained federal warrants to search Movant's person and his residence, 916 Anderson Lane, Madison, Tennessee for the presence of firearms, ammunition and related items. The federal search warrants were executed on September 29, 2004. On September 29, 2004, the United States filed a federal criminal complaint against Movant for violating 18 U.S.C. §§ 922(g) and 924(a) and the Magistrate Judge issued a warrant. (Case No. 3:04-cr-00185, Docket Entry Nos. 1 and 2). In his affidavit for the criminal complaint, Kilday, an ATF agent for more than fifteen years, also stated that he obtained certified copies of the court records reflecting that Movant had prior felony convictions in 1985 and 1999. Id.

On December 8, 2004, a four count superseding indictment was returned against Movant with three counts of possessing a total of five (5) firearms on September 29, 2004 as a convicted felony. Count four charged Movant with possessing numerous rounds of five (5) difference types of ammunition on September 29, 2004, after having been convicted of a felony offense in violation of 18 U.S.C. §§ 922(g) and 924(a).

On December 27, 2004, Movant moved to suppress with the fruits of the September 29, 2004 search warrants of his person and residence. (Docket Entry No. 42). On April 25, 2005, the Court denied Movant's motion to suppress. (Docket Entry No. 78). On August 12, 2005, Movant filed a second motion to suppress on the searches of his person and residence. (Docket Entry No. 87). On August 31, 2005, the Court denied Movant's second motion to suppress. (Docket Entry No. 92).

On November 3, 2005, Movant filed a "Petition to Enter a Plea of Guilty" to counts one and four of the superseding indictment under a written plea agreement with the Government. (Docket Entry No. 97). Paragraph six (6) of Movant's plea petition provided that his lawyer had

2

estimated that his sentencing guidelines range was 15 to 21 months if the Court credited his guidelines arguments, but the guideline range would be 41 to 51 months if the Court adopted the Government's argument. Id.

In paragraph 13 of his guilty plea petition, the parties' plea agreement provided: (1) Movant agreed to plead guilty to counts one and four of the indictment; (2) the Government agreed to dismiss counts two and three at Movant's sentencing hearing; (3) the Government agreed to recommend a three level reduction of the sentencing guidelines due to Movant's acceptance of responsibility; (4) Movant agreed to waive his right to appeal any sentence imposed within the maximum provided in the offense level determined by the district court or the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742, or on any other grounds; (5) the Government agreed to waive its rights to appeal the sentence under 18 U.S.C. § 3742, except if the court departed downward; and (6) Movant agreed to waive his right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. (Docket Entry No. 97). The parties further agreed that Movant's waiver of his rights to appeal any sentence imposed and to challenge the sentence imposed and the manner in which the sentence was determined in any collateral attack, excluding an appeal or collateral attack based upon prosecutorial misconduct or ineffective assistance of counsel. Id.

At Movant's plea hearing, the Honorable Aleta Trauger questioned his understanding of the charges against him, his counsel's disclosures of what the Government would have to prove before he could be found guilty of the charges, his counsel discussion with him of any possible defenses to the charges, counsel's investigation of the charges and Movant's satisfaction with his

3

counsel's representation. At Movant's plea hearing, Judge Trauger reviewed the guideline ranges referenced in his guilty plea petition and informed him that the Court actually would determine the range for his sentence. Id. Judge Trauger also informed Movant that whatever sentencing range was determined to be applicable, he would not be allowed to withdraw his plea. Further, Judge Trauger then reviewed the "Petition to Enter a Plea of Guilty" and the terms of Movant's plea agreement with the Government. In response to the Court's questions, Movant stated that he understood and had read his entire petition and the complete terms of his agreement with the Government that were accurately set forth in the petition. Id.

At the plea hearing, Kilday presented the facts supporting Movant's guilty plea. Movant did not contest those facts and acknowledged his guilt of those charges. Judge Trauger found that a factual basis existed for Movant's guilty pleas, that Movant was competent to enter his pleas; that he was not under the apparent influence of narcotics, hallucinogens or alcohol; that he understood the nature of the charges to which he was offering to plead guilty and the maximum possible penalty provided by law; and that his guilty plea was voluntary.

During his plea hearing, Movant was aware of the charges against him, the maximum penalties for each count to which he pled guilty, the terms of the plea agreement, including his agreement to waiver his rights right to appeal the sentence ultimately imposed so long as the sentence was within the maximum provided in the offense level determined by the district court or the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742, or on any other grounds. (Docket Entry No. 97).

On April 17, 2006, Judge Trauger sentenced Movant to serve two concurrent 36 month terms of imprisonment followed by two concurrent three (3) year terms of supervised release.

4

Case 3:07-cv-00415   Document 49   Filed 05/03/10   Page 4 of 9 PageID #: 256

(Docket Entry No. 108). Defendant did not file an appeal of that sentence.

### B. Conclusions of Law

Given his guilty plea, Petitioner's claims for relief are limited as a matter of law:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. <u>He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann. v. Richardson, 397 U.S. 759, 770 (1970)]</u>.

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added).

Since Tollett, the Supreme Court reiterated in United States v. Broce, 488 U.S. 563 (1989), on a defendant's withdrawal of his guilty plea:

> Similarly, we held in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that a counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of his confession. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." Id., at 770, 90 S.Ct., at 1448. See also Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("[J]ust as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings") (citation omitted).

Id. at 763-64.

Under his plea agreement, Movant waived his right to challenge the sentence imposed and the manner in which said sentence was determined in any collateral attack including, but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Id. Such waivers are enforceable. See Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (generally terms of a plea

5

agreement whereby a defendant waives their right to collateral and direct review are acceptable) (citing Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001)); United States v. Calderon, 388 F.3d 197, 200 (6th Cir. 2004). ("[I]t is well settled that a defendant in a criminal case man waiver any right, even a constitutional right, by means of a plea agreement.") (citation omitted); Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999) ("that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); United States v. Allison, 59 F.3d 43, 46 (6th Cir. 1995) (finding the defendant waived her right to appeal a sentencing enhancement as a result of her stipulation in a plea agreement with the Government that she engaged in the conduct covered by the enhancement).

Movant's unconditional guilty pleas also waived his rights to appeal any adverse rulings relating to his pre-trial motion to suppress. United States v. Bell, 350 F.3d 534, 535 (6th Cir. 2003) ("defendant who plead[s] guilty may not appeal an adverse ruling on a pre-plea motion to suppress 'unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with [Federal Rules of Criminal Procedure] Rule 11(a)(2).'" (citations omitted). Thus, the only claim presented in Movant's motion which survives his guilty plea and his plea agreement with the Government is his claim that he was deprived of the effective assistance of counsel.

For his ineffective assistance of counsel claims, Movant contends that his counsel: (1) underestimated his United States Sentencing Guidelines imprisonment range; (2) was unwilling to investigate his case; (3) deprived him of the opportunity to argue his defense before a jury and to present a defense that would have exonerated him; and (4) used scare tactics to dissuade him from pursing appeal options.

6

To establish ineffective assistance of counsel, Movant must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 695 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.

To prevail on his claim, Movant "must establish that: (1) his 'counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different.'" Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)). "The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct fall within a wide range of reasonable professional assistance." Campbell, 364 F.3d at 730 (quoting Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003) (quotation marks omitted)). In Strickland, the Supreme Court defined a "reasonable probability" to mean a "probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. Unless Movant makes both showings, Movant's claims fail. Id. at

687.

Here, Movant's plea petition and his plea colloquy with the district court reflect that his counsel's estimate of the guideline ranges both above and below the range of his 36 months sentence. Movant's plea petition estimated a sentencing range of 15 to 21 months if the defense counsel's view of the sentencing guidelines calculations prevailed and if the Government's view of the guidelines calculation prevailed, then the estimated range was 41 to 51 months. (Docket Entry No. 97). In addition, Judge Trauger told Movant that counsel's estimated sentencing guidelines ranges were only estimates and that the Court would decide the actual guidelines range that could be higher than counsel's estimate.

As to his counsel's failure to investigate his case and to present his defense, the affidavit of Attorney Kim S. Hodde, Movant's counsel reflects that during the course of her representation, she personally met with Movant 17 times with each meeting lasting between 3.5 and 5 hours. (Docket Entry No. 16-1, Hodde Affidavit). Hodde received the extensive investigation of Movant's prior counsel and conducted a further investigation that Movant requested. Id. Hodde states that Movant often stated his intention not to go to trial and acknowledged his lack of a defense to the charges. Id. The Court concludes that Movant fails to demonstrate any prejudice due to his counsel's performance.

During the course of his plea hearing, Movant understood his waiver of his trial and constitutional rights to file an appeal. As to his counsel alleged used of scare tactics, Movant's plea agreement precluded him from pursuing an appeal except an appeal based on a claim alleging ineffective assistance of counsel or prosecutorial misconduct. Second, Movant does not identify any prosecutorial misconduct.

8

For these reasons, the Court concludes that Movant's motion to vacate should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

9